**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AZAEL DYTHIAN PERALES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | Case No. 26-cv-3206 (JMC) |

**MEMORANDUM OPINION**

Pro se Plaintiff Azael Dythian Perales has filed yet another lawsuit against a government entity claiming that a government defendant is "emit[ting] violent electrical prods to [his] body" and sending "powerful and dangerous radio signals to [his] brain." ECF 1 at 2; *see also, e.g.*, *Perales v. 119th United States Senate*, 26-cv-2525; *Perales v. 119th U.S. House of Representatives*, 26-cv-2195; *Perales v. U.S. Secret Service, et al.*, 25-cv-3008. This time, Plaintiff purports to sue the City of Los Angeles and the Los Angeles Police Department. The Court **DISMISSES** his complaint and this action sua sponte.[1]

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . ." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*,

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Perales' allegations fall squarely in the "fanciful" category. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). His complaint, which is laced with slurs and profanity, alleges that the City of Los Angeles and its police department are torturing him and sending "a live streaming feed of [his] thoughts" through electrical prods and other mechanisms. ECF 1 at 2. These allegations do not present a substantial legal question for this Court to resolve. Accordingly, upon sua sponte review, this action is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

DATE: September 18, 2026

Jia M. Cobb
U.S. District Court Judge